```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                       CRIMINAL DOCKET

VERSUS                                         NO: 11-247

TORIS YOUNG                                    SECTION: "J" (4)
```

**ORDER**

Before the Court are Defendant's *Motion for Judicial Recommendation for Community Confinement* **(Rec. Doc. 60)** and *Motion to Amend the Court's Rule 35(b) Order* **(Rec. Doc. 61)** and the United States of America's opposition thereto. **(Rec. Doc. 62)** Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Defendant's motions should be **DENIED.**

Defendant asks this Court to amend its December 18, 2013, Rule 35(b) Order to state that Defendant's 93-month sentence is to be concurrent with other sentences.[1] (Rec. Doc. 61) Defendant, however, fails to point to any legal authority in support of such a request. The government submits that Defendant's request is both untimely and without basis in law. (Rec. Doc. 62) The Court agrees.

---

[1] To the extent that Defendant seeks clarification of whether the Court intended for the 93-month sentence to be served concurrently or consecutively, the Court would like to state that it was and is the Court's intention for Defendant to serve the sentence consecutively. Otherwise, the Court's Rule 35(b) Order would have further altered the original sentence to render it concurrent.

1

The Court finds that it lacks the authority to amend its Rule 35(b) Order of December 18, 2013, beyond the 14-day window that Federal Rule of Criminal Procedure 35(a) provides. The Court further finds that Rule 35(a) only permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Altering the sentence here so that it is served concurrently with rather than consecutively to previous sentences would exceed the authority granted by Rule 35(b). Moreover, even if the Court had the authority to amend Defendant's sentence, the Court would decline to do so. Defendant's extensive pattern of criminal activity weighs heavily against any such amendment.

Additionally, Defendant asks the Court for a judicial recommendation for community confinement eligibility. (Rec. Doc. 60) The government again argues that Rule 35(a) does not permit the Court to make a change to its previous orders to grant Defendant eligibility for community confinement. (Rec. Doc. 62, p. 3) The government further argues that the Bureau of Prisons, not the Court, must make this determination. Id. at 4-5. Although a court may recommend community confinement, the Court declines to do so now. Pursuant to 18 U.S.C. § 3624(c)(1), the Bureau of Prisons will examine Defendant's eligibility for community confinement at the appropriate time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions **(Rec. Docs. 60, 61)** are **DENIED**.

New Orleans, Louisiana this 11th day of December, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE